UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANGEL MARTIS GARAY,     *
    *
    Plaintiff,     *
    *
    v.     *
    *     Civil Action No. 14-30138-MGM
CAROLYN COLVIN,     *
Acting Commissioner of Social Security,     *
    *
    Defendant.     *

MEMORANDUM AND ORDER REGARDING PLAINTIFF'S
MOTION FOR ORDER REVERSING COMMISSIONER'S DECISION AND
DEFENDANT'S MOTION FOR ORDER AFFIRMING IT
(Dkt. Nos. 17 and 19)

April 14, 2015

MASTROIANNI, U.S.D.J.

    This is an action for judicial review of a final decision by Carolyn Colvin, the Acting Commissioner of the Social Security Administration ("Commissioner"), denying Angel Martis Garay's ("Plaintiff's") application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1383(c)(3) (referencing 42 U.S.C. § 405(g)). Plaintiff has filed a motion for an order reversing the decision of the Commissioner (Dkt. No. 17), and, on behalf of the Commissioner, the Government ("Defendant") has filed a motion for an order affirming her decision. (Dkt. No. 19.) At issue is whether the Administrative Law Judge ("ALJ") erred by giving improper weight or failing to sufficiently discuss certain individuals' opinions, and whether the ALJ failed to sufficiently consider or discuss side effects from Plaintiff's medications.

    As discussed below, the ALJ erred in failing to properly explore, consider, and discuss the potentially detrimental impact of Plaintiff's medication's side effects upon Plaintiff's ability to work. The court therefore grants Plaintiff's motion and remands the case.

The parties are familiar with the factual and procedural history of this case, so the court begins its discussion with the standard of review.

## I. STANDARD OF REVIEW

The role of a district court reviewing an ALJ's decision is limited to determining whether the conclusions were supported by substantial evidence and based on the correct legal standard. See Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). "The findings of the Commissioner of Social Security [and his designee, the ALJ] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. 405(g). Substantial evidence means that "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Commissioner's] conclusion." Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). Credibility judgments made by ALJs who have "observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, [are] entitled to deference, especially when supported by specific findings." Frustaglia v. Sec'y of Health & Human Servs., 829 F.2d 192, 195 (1st Cir. 1987). The court reviews questions of law de novo. Ward v. Comm'r of Social Security, 21 F.3d 652, 655 (1st Cir. 2000).

## II. DISABILITY STANDARD AND THE ALJ'S DECISION

Entitlement to SSI requires a showing of both disability and financial need. See 42 U.S.C. § 1381a. Here, Plaintiff's financial need is not challenged.

The Social Security Act (the "Act") defines disability, in part, as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual is considered disabled under the Act,

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). See generally Bowen v. Yuckert, 482 U.S. 137, 146-49 (1987).

In determining disability, the Commissioner follows the five-step protocol described by the First Circuit as follows:

> 1) if the applicant is engaged in substantial gainful work activity, the application is denied; 2) if the applicant does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted; 4) if the applicant's "residual functional capacity" is such that he or she can still perform past relevant work, then the application is denied; 5) if the applicant, given his or her residual functional capacity, education, work experience, and age, is unable to do other work, the application is granted.

Seavey v. Barnhart, 276 F.3d at 5; see also 20 C.F.R. § 416.920(a)(4).

In the instant case, the ALJ found as follows with respect to these steps. First, Plaintiff has not engaged in substantial gainful activity since January 1, 2012. (Administrative Record ("A.R.") at 17.) Moving to step two, the ALJ found Plaintiff had the following severe impairments: L5-S1 spondylolisthesis with bilateral L5 spondylosis, depression, anxiety disorder, personality disorder, poly-substance dependence (in remission for four years), mild degenerative change of the lumbar spine, and post-traumatic stress disorder ("PTSD"). (Id.) At step three, the ALJ found the Plaintiff's aforementioned impairments did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id. at 17-19.) Specifically, the ALJ considered whether Plaintiff has two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. (Id. at 17

3

("A marked limitation means more than moderate but less than extreme.").) Noting Plaintiff's reported GAF scores of 60 and 61, the ALJ found he experiences mild restriction in activities of daily living; moderate difficulties in social functioning; moderate difficulties with regard to concentration, persistence, or pace; and no episodes of decompensation. (Id. at 18-19.)

Continuing to step four, the ALJ found Plaintiff had a residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. 416.967(b) and 416.967(b), "except that the claimant can occasionally stoop, crouch, crawl, kneel and climb ramps and stairs." (A.R. at 19.) The ALJ ultimately concluded that, while Plaintiff cannot perform any past relevant work (Id. at 27), he can perform "jobs that exist in significant numbers in the national economy." (Id. at 28.) As a result of these findings, the ALJ ultimately denied Plaintiff's application for SSI benefits. (Id. at 29.)

## III. DISCUSSION

Plaintiff makes two arguments challenging the ALJ's decision: (1) "the ALJ committed reversible errors by failing to comply with 20 C.F.R. § 404.1527, by failing to provide any reason for her rejection of the opinions of the treating providers," and (2) "the ALJ committed reversible errors by failing to discuss, much less consider, the side effects from the [Plaintiff's] medications on his ability to sustain work, as required." (Dkt. No. 18, Memorandum in Support of Motion for Order Reversing Decision of Commissioner ("Pltf. Mem.").) In response, the Defendant argues substantial evidence supports the ALJ's conclusions at each step of the five-step process for determining disability, and the ALJ appropriately exercised her discretion in determining how much weight to give evidence, including Plaintiff's own testimony. (Dkt. No. 20, Memorandum in Support of Motion for Order Affirming Decision of Commissioner ("Def. Mem.").) This court discusses only the issue pertaining to the ALJ's treatment of the evidence of side effects of Plaintiff's medication because the court's finding with respect to this issue necessitates remand.

"[T]he ALJ's decision must include a discussion describing how he or she actually determined the claimant's RFC and the evidence upon which he or she relied." Torrey v. Barnhart, 2004 U.S. Dist. LEXIS 675, 13-15 (D.N.H. 2004). "When determining a claimant's functional capacity, an ALJ must consider, among other things:…the effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment duration, disruption to routine, side effects of medication)…." SSR 96-8p, 1996 WL 374184 at *5. Therefore, "Social Security regulations require consideration of the side effects of medication in evaluating a claimant's symptoms." Zarrilli v. Astrue, 2008 U.S. Dist. LEXIS 93013, 21 (D. Me. Nov. 16, 2008) (citing 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv)).

Accordingly, remand is appropriate when the ALJ's discussion does not adequately address issues of side effects caused by one (or more) of a plaintiff's medications which were raised at the hearing. See generally Figueroa v. Secretary of Health, Education & Welfare, 585 F.2d 551, 553-554 (1st Cir. P.R. 1978); see also Critch v. Barnhart, 2005 U.S. Dist. LEXIS 4358, 21 (D. Mass. 2005) ("[I]n evaluating his subjective complaints, the ALJ had to consider the type, dosage, effectiveness and adverse side effects of medications."). In Munson v. Barnhart, the District Court remanded when "the plaintiff's representative stated that the plaintiff suffered side-effect-related difficulties with anti-anxiety medications and that a current medication, Trazodone, made him 'very groggy' in the morning" at the hearing, and the ALJ did not discuss these side effects in his decision. 217 F. Supp. 2d 162, 165-166 (D. Me. 2002). The court explained that, "at the very least, the administrative law judge should have made a finding on [the plaintiff's] claim regarding side effects, making it possible for a reviewing tribunal to know that the claim was not entirely ignored." Id.; see also Zarrilli, 2008 U.S. Dist. LEXIS 93013 at 21 (remanded because "[t]he administrative law judge in this case made no findings concerning the impact, if any, of the claimed side effects on the plaintiff's residual functional capacity").

5

Here, the relevant portion of the exchange between Plaintiff and Plaintiff's attorney at the hearing is as follows:

> Q: Okay. And tell me, do you have pain every day?
> A: I take my medication every day to be able to sleep. The medication that my psychiatrist and my doctor have given me, that is what has me somewhat controlled.
> …
> Q: What do you do during the day, Angel?
> A: I just lie on the floor or sleeping because of the medications.

(A.R. at 52.) The ALJ conducted no additional inquiry regarding the side effects of Plaintiff's medication.

Subsequently, when the ALJ elicited evidence from the Vocational Expert, the ALJ asked the Vocational Expert to assume a hypothetical individual is able to,

> lift and carry up to 20 pounds occasionally and 10 pounds frequently, and can sit, stand, and walk for six hours in an eight-hour day; that can occasionally stoop, crouch, crawl, kneel, climb ramps and stairs; they have no limitations on balancing, and they cannot climb ladders, ropes, or scaffolds; they can understand, remember, and carry out simple routine and repetitive tasks through an ordinary workday and workweek with normal breaks on a sustained basis; they can respond appropriately to superficial contact with the general public and with co-workers without teamwork or collaboration; they can also respond appropriately to supervisory directions for simple work-related matters.

The ALJ continued by asking the Vocational Expert whether such hypothetical individual could perform any of Plaintiff's past work, or any other occupations. (Id. at 58.) While the ALJ altered the hypothetical description to some degree during his questioning of the Vocational Expert, he did not, at any point, limit the hypothetical individual's ability to work in accordance with Plaintiff's stated side effects of his medications. (Id. at 60-62.)

This apparent lack of consideration of Plaintiff's medication's side effects is consistent with the ALJ's lack of consideration of the issue in her decision. The extent of the ALJ's discussion of Plaintiff's medications in her decision is as follows: "The claimant described that he feels anxious all the time, and his moods fluctuate. He indicated that his medications help to control his moods when he takes them. The claimant's medications are listed in [names exhibits]." (Id. at 20-21.)

In his testimony, Plaintiff sufficiently raised this issue of the detrimental effects of his medication, which, the court finds, could potentially affect his ability to work. However, the ALJ did not adequately consider, explore, or discuss in his decision the potentially limiting effect of the side effects of Plaintiff's prescribed medications. The court does not express an opinion as to whether proper consideration of Plaintiff's medications' side effects should alter the ALJ's ultimate disposition.

IV. CONCLUSION

For these reasons, the court GRANTS Plaintiff's motion (Dkt. No. 17), to the extent that it requests a remand, in order for the ALJ to properly consider the side effects of Plaintiff's medication. The court accordingly DENIES Defendant's motion for an order affirming the Commissioner's decision (Dkt. No. 19).

It is So Ordered.

  /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge